HON. DAVID B. KAHL Town Attorney, Caton
This is in response to your letter of September 20, 1977, wherein you ask for our opinion as to whether or not the Town of Caton, pursuant to Article VIII of the Highway Law or otherwise, may be compelled to take over a private road servicing a subdivision within the town.
Neither Article VIII of the Highway Law nor any other law contains a provision whereby a town may be forced to take over a private road. However, sections 172, et seq., of Article VIII do contain procedures which may be initiated by "[a]ny person * * * assessable for highway taxes" in the town to obtain a determination as to the necessity of a new highway and, if a board of condemnation commissioners determines such highway to be necessary, also provide for effectuation of that determination.
It seems that the situation which you outline may fall within the purview of sections 172 et seq., of the Highway Law. The request being urged is in the nature of an application for the town to lay out a public highway not heretofore in existence. Therefore, so long as the requirements of section 172 are met, the petitioner(s) may avail themselves of the statutory machinery.
In addition to the procedure under the Highway Law outlined above, an alternative procedure exists under Article 12 of the Town Law. Section 200, subdivision 1 of the Town Law provides, in pertinent part that:
 "The owners of real estate fronting or abutting upon either side of a street or highway or private road * * * may petition the town board or the town board on its own motion may adopt a resolution to improve said street or highway, private road or right of way or portion thereof * * *"
It must be emphasized, however, that before such improvements are performed, title to such street, highway, or private road must first have been obtained by dedication or condemnation proceedings (Town Law, §200, subd 12).
Subdivision 14 of section 200 states:
 "Any street or highway or private road or right of way improved or laid out under this section shall after such improvement is constructed, be maintained as a public highway under the applicable provisions of law and not as a charge against such real property. * * *"
Nevertheless, according to section 202(2) of the Town Law
 "The expense of * * * constructing street improvements pursuant to section two hundred shall be borne by local assessment upon the several lots and parcels of lands which the town board shall determine and specify to be especially benefited by the improvement, and the town board shall apportion and assess upon and collect from the several lots and parcels of land so deemed benefited, so much upon and from each as shall be in just proportion to the amount of benefit which the improvement shall confer upon the same."
Thus from the foregoing it is concluded that a town may not be compelled to take over a subdivision road by application; but it may be compelled, upon application by a qualified petitioner(s), to lay out a road which has been determined to be necessary by a panel of condemnation commissioners; or it may become charged with the maintenance of a private road to which title has been obtained, and which has become a public highway because of improvements effected on such thoroughfare as a result of private petition or motion of the town board.